UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC E. STRONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2745 HEA |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDM AND ORDER**

This matter is before the Court upon petitioner Eric E. Strong's response to this Court's November 27, 2017 Order directing him to show cause why his petition should not be dismissed as untimely. After reviewing and considering petitioner's response, I conclude that the petition is subject to dismissal because it is barred by the statute of limitations, and the doctrine of equitable tolling is inapplicable. I will therefore dismiss the petition without further proceedings.

**Background**

As set forth in detail in my November 27, 2017 order, petitioner filed the instant petition after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, however, the relevant dates are as follows. The one-year period within which petitioner had to file a petition for writ of habeas corpus commenced on December 19, 2014. The limitations period was tolled from February 20, 2015 (the date petitioner filed his motion for post-conviction relief) through December 15, 2016 (the date the Missouri Court of Appeals issued its mandate denying petitioner's appeal thereof).[1] Because 63

---

[1] The November 27, 2017 Order indicates that the Missouri Court of Appeals issued its mandate on December 21, 2016. This was a clerical error that does not affect the conclusion that the petition was untimely filed.

days elapsed between the date petitioner's conviction became final and the date he filed his post-conviction motion, the instant petition was due to be filed in this Court not later than October 13, 2017. However, petitioner did not file it until November 15, 2017, more than one month later.

In my November 27, 2017 Order, I directed petitioner to show cause why his petition should not be dismissed as untimely. In response, petitioner avers that he received a letter from his "former court-appointed assistant public defender of the Appellate/PCR Division of the Public Defender System of the city of St. Louis," informing him that the Missouri Court of Appeals issued the mandate in his post-conviction appeal on December 15, 2016. (Docket No. 6 at 1). Petitioner argues that "the letter expresses my federal writ for habeas relief would be December 17, 2017," and that he filed his petition "in this Court on November 17, 2017, which is one whole month ahead of my one year limitation deadline." *Id.* Petitioner attached a copy of a December 16, 2016 letter signed by District Defender Gwenda Robinson, informing petitioner that that the mandate was issued in his case on December 15, 2016, and advising him that if he wished to pursue federal habeas relief, he "must do so within the time limitations specified in my letter to you dated November 28, 2016." (Docket No. 6, Attch. 1).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Petitioner is correct that he filed the instant petition within one year of the date the Missouri Court of Appeals issued its mandate in his post-conviction appellate proceedings. However, petitioner fails to recognize that the 63 days that elapsed between the date his conviction became final and the date he filed his motion for post-conviction

2

relief count against the one-year limitations period. Totaling that 63-day period with the 335-day period that elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 398 days elapsed prior to the filing of the instant petition. Accordingly, the petition was untimely filed under the provisions of § 2241(d)(1)(A).

In appropriate cases, § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). There are two tests for determining when equitable tolling is appropriate: (1) if petitioner was diligently pursuing his rights and "extraordinary circumstances" beyond his control stood in his way and prevented timely filing, *Holland*, 560 U.S. at 649, or (2) if the government's conduct "lulled" the petitioner into inaction through reliance on that conduct. *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling is an "exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

In this case, petitioner can be understood to argue that his post-conviction attorney implied that petitioner had one year from the date the Court of Appeals issued its mandate within which to seek federal habeas review. I will assume, for the sake of argument, that petitioner was diligently pursuing his rights. However, even if petitioner's attorney had expressly stated that petitioner had until December of 2017 to file his habeas petition, "attorney negligence is not an extraordinary circumstance warranting equitable tolling." *Holland*, 560 U.S. at 655; *see also Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (In general, ineffective assistance of counsel does not warrant equitable tolling). In addition, there is no constitutional right to counsel in seeking state post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court expressly rejected a petitioner's argument that his attorney's mistake in calculating the limitations period amounted to extraordinary circumstances justifying equitable tolling. In so holding, the Court wrote: "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.* at 336-37. The rationale for this conclusion, the *Holland* Court later explained, is that the mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context. *Holland*, 560 U.S. at 656.

The Eighth Circuit has also recognized that counsel's confusion about, or mistake in calculating, the AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling:

> We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable tolling).

*Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

To the extent petitioner can be understood to argue that his post-conviction attorney gave him bad advice regarding the statute of limitations, this does not amount to an extraordinary circumstance justifying the application of equitable tolling. In addition, petitioner does not allege, nor does the record suggest, that the state lulled him into inaction, and it cannot be said that petitioner's failure to file the instant petition within the one-year AEDPA statute of

4

limitations is attributable to the state. *See Holland*, 560 U.S. at 656 (mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context). Therefore, for all of the foregoing reasons, I conclude that the petition is untimely, and I will dismiss it as such.

I have considered whether to issue a certificate of appealability. When a federal court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, a plain procedural bar is present, and petitioner has failed to make an arguable claim for equitable tolling. As a result, petitioner is not entitled to a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Eric E. Strong's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 10th day of January, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE